# Citation

DARRELL  SEMIEN, ET AL

Versus

LABORATORY CORPORATION OF AMERICA, ET AL

DOCKET NUMBER: C-2020276

ALLEN Parish, Louisiana

THIRTY THIRD JUDICIAL
DISTRICT COURT

**LABORATORY CORPORATION OF AMERICA**
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS,
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LOUISIANA 70802

You are hereby cited to comply with the demand contained in the Petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the THIRTY THIRD JUDICIAL DISTRICT COURT, in and for the Parish of ALLEN, which office is in the Town of OBERLIN, said Parish and State, within fifteen (15) days after the service hereof.  Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this WEDNESDAY, AUGUST 19, 2020.

STACEY C. HURST, CLERK OF COURT

By: _____
Deputy Clerk

Attorney:   JORDAN Z. TAYLOR
ATTORNEY AT LAW
3102 ENTERPRISE BOULEVARD
LAKE CHARLES, LA 70601

PAYING

These documents mean you have been sued.  Legal assistance is advisable and you should contact a lawyer immediately.
DEPUTY CLERKS OF COURT ARE NOT PERMITTED TO GIVE LEGAL ADVICE.

RECEIVED ON THE _____ DAY OF _____, 20 _____ AND ON THE _____ DAY
OF _____, 20_____  SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.
DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE  $_____           BY: _____
MILEAGE $_____                       DEPUTY SHERIFF
TOTAL     $_____

ORIGINAL – RETURN              COPY – SERVICE      COPY - CLERK

Document Number: D2340958



## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet – LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Darrell Semien, et al               vs.        Laboratory Corporation of America Laboratory
                                                Corporation of America Holdings

Court: 33rd JDC                              Docket No.: C-2020-776
Parish of Filing: Allen                      Filing Date: AUG 1 9 2020

Name of Lead Petitioner's Attorney: Jordan Z. Taylor, The Townsley Law Firm, LLP
Name of Self-Represented Litigant: _____
Number of named petitioners: ___5___        Number of named defendants: ___2___

Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

| | |
|---|---|
| _____ Auto: Personal Injury | _____ Auto: Property Damage |
| _____ Auto: Wrongful Death | _____ Auto: Uninsured Motorist |
| _____ Asbestos: Property Damage | _____ Asbestos: Personal Injury/Death |
| _____ Product Liability | _____ Premise Liability |
| _____ Intentional Bodily Injury | _____ Intentional Property Damage |
| _____ Intentional Wrongful Death | _____ Unfair Business Practice |
| _____ Business Tort | _____ Fraud |
| _____ Defamation | _____ Professional Negligence |
| _____ Environmental Tort | __X__ Medical Malpractice |
| _____ Intellectual Property | _____ Toxic Tort |
| _____ Legal Malpractice | _____ Other Tort (described below) |
| _____ Other Professional Malpractice | _____ Redhibition |
| _____ Maritime | _____ Class Action (nature of case) |
| _____ Wrongful Death | |
| _____ General Negligence | |

Please briefly describe the nature of the litigation in one sentence of additional detail:

_____

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing this form:
Name: Jordan Z. Taylor
Address: 3102 Enterprise Blvd.                SIGNATURE
Lake Charles, LA 70601                        jtaylor@townsleylawfirm.com
Telephone: 337-478-1400                       EMAIL

| | | |
|---|---|---|
| DARRELL SEMIEN, IND. AND KARLA SEMIEN, IND. AND ON BEHALF OF THEIR MINOR CHILDREN, MIRACLE SEMIEN, MADISON SEMIEN AND MALACHI SEMIEN | : | 33RD JUDICIAL DISTRICT COURT |
| VS. NO. 2020- 296 , DIV " A " | : | PARISH OF ALLEN |
| LABORATORY CORPORATION OF AMERICA AND LABORATORY CORPORATION OF AMERICAN HOLDINGS | : | STATE OF LOUISIANA |
| FILED: _____ | : | _____ |
| | | DEPUTY CLERK OF COURT |

<u>PETITION FOR DAMAGES</u>

NOW INTO COURT, through undersigned counsel, come plaintiffs, **DARRELL SEMIEN, IND.**, (hereinafter referred to as "Darrell"), **KARLA SEMIEN, IND.**, (hereinafter referred to as "Karla"), **and on behalf of their minor children, MIRACLE SEMIEN** (hereinafter referred to as "Miracle"), **MADISON SEMIEN** (hereinafter referred to as "Madison") **AND MALACHI SEMIEN** (hereinafter referred to as "Malachi"), (hereinafter referred to at time as "Semien Family"), persons of the age of majority of the State of Louisiana, Parish of Allen, who respectfully petitions this court for an award of damages, for the following reasons, to-wit:

1.

Made defendant herein is, **LABORATORY CORPORATION OF AMERICA**, (hereinafter referred to as "LabCorp"), a foreign corporation authorized to do and doing business in the state of Louisiana who may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802.

2.

Made defendant herein is, **LABORATORY CORPORATION OF AMERICA HOLDINGS**, (hereinafter referred to as "LabCorp Holdings"), a foreign corporation authorized to do and doing business in the state of Louisiana who may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802.

A TRUE & CORRECT COPY OF ORIGINAL FILED: AUG 1 9 2020 OBERLIN, LA. AUG 1 9 2020 Deputy Clerk of Court

3.

Defendants are justly and truly indebted to the petitioners for the following reasons.

4.

On August 21, 2019 Karla Semien brought her minor child, 10-year-old Miracle Semien to SWLA Center for Health Services, in Oberlin Louisiana.

5.

Miracle Semien was experiencing frequent and urgent urination and needed a doctor's excuse to allow her to go to the restroom more often at school; at SWLA, Miracle Semien was seen by Colleen Unkel, FNP.

6.

Colleen Unkel, FNP ordered a urinalysis and had a urine sample collected from Miracle Semien.

7.

During the August 21st appointment, Colleen Unkel, FNP informed Karla Semien that Miracle Semien's urine sample needed to be sent to a lab because there was a possible indication in the sample that there was blood coming from Miracle Semien's kidney.

8.

Colleen Unkel, FNP documented that she would follow up with the family the next day to discuss the lab results.

9.

The sample was sent to the Lafayette, Louisiana location of LabCorp and LabCorp Holdings on August 21, 2019 and the results were reported on August 22, 2019.

10.

Unbeknownst to the Semien Family, SWLA Center for Health Services and/or LabCorp and LabCorp Holdings mixed up Miracle Semien's urine sample with an that of an adult male; therefore, the urinalysis Defendants incorrectly attributed to Miracle Semien, contained a significant amount of sperm, as it had in actuality come from an adult male patient.

11.

A LabCorp or LabCorp Holdings employee called SWLA Center for Health Services and Colleen Unkel to report the sperm in Miracle's urine sample.

12.

The LabCorp or LabCorp Holdings employee told SWLA Center for Health Services and Colleen Unkel that prostitutes do not have as much sperm in their urine as Miracle's urine did.

13.

The LabCorp or LabCorp Holdings employee then insisted that the urine results and supposed sexual crime by turned over to the police, without any further investigation into the validity of the results.

14.

Darrell and Karla then met with Colleen Unkel, FNP the following day on August 22, 2019.

15.

Colleen Unkel, FNP conveyed that there was sperm in Miracle Semien's sample, which Colleen Unkel, FNP claimed indicated Miracle Semien had been sexual molested.

16.

Colleen Unkel, FNP stated that an individual from LabCorp and LabCorp Holdings called SWLA Center for Health Services and urged that the urinalysis results be turned in to law enforcement.

17.

LabCorp and LabCorp Holdings was aware that the urine sample contained a high level of sperm, meaning it was extremely unlikely for the urine sample to have come from a female.

18.

Despite this, and without any further investigation to prevent unnecessary and false accusations, LabCorp and LabCorp Holdings contacted and informed SWLA Center for Health Services that the results needed to be turned over to law enforcement.

19.

Colleen Unkel, FNP told Darrell and Karla that either they needed to report this to law enforcement within a day, or SWLA Center for Health Services would do so, on account of LabCorp's urging.

20.

When Darrell and Karla confronted Miracle Semien, pleading with her to disclose who may have touched her, Miracle Semien begged to give another urine sample; Karla took Miracle Semien back to SWLA Center for Health Services later the same day (August 22, 2019) of the meeting with Colleen Unkel, FNP, to do another urine analysis.

21.

This time, the sample was negative for sperm; Karla asked Colleen Unkel, FNP how this could be possible.

22.

When LabCorp processed and obtained the results of the second test which was free of sperm, they did not call SWLA Center for Health services to inform them the original test was most likely inaccurate, and did not instruct SWLA to refrain from calling law enforcement until further investigation into the inconsistent results was conducted.

23.

Convinced by LabCorp and SWLA Center for Health Services' insistence that Miracle Semien was molested, Darrell and Karla tried to determine who Miracle Semien was alone with over the preceding week.

24.

The only person she was alone with for more than a few moments was her older brother Malachi and because of LabCorp's statement that Miracle had been molested, Darrell and Karla began to suspect that Malachai molested his sister.

25.

On account of LabCorp insisting the police be immediately notified regarding a fictitious molestation event, the Allen Parish Sheriff's Department conducted an investigation.

26.

After initially targeting Darrell and Malachi, interrogating Malachi, and forcing Malachi to leave the family home, Law enforcement eventually had a DNA test performed on the urine sample at issue; it ruled out Malachi as a suspect.

4

27.

With the Semien Family still trying to find answers, the Simien Family then took Miracle Semien to a gynecologist to be examined for physical signs of penetration; this exam occurred on September 5, 2019.

28.

The examining gynecologist informed the Semien Family that Miracle Semien had no physical signs of sexual abuse.

29.

Ultimately, through their investigation, the Allen Parish Sherriff's Department determined that the urine sample came from a man, indicating Miracle Semien's sample had been mixed up with another patients'.

30.

Defendants, LabCorp and LabCorp Holdings were negligent in the following manner

- LabCorp and LabCorp Holdings failed to create and implement an appropriate labeling system to prevent inadvertent swapping of specimens.

- LabCorp Laboratory Corporation of America failed to create and implement an appropriate chain of custody to prevent inadvertent swapping of specimens.

- LabCorp Laboratory Corporation of America should not have demanded that the urine results and supposed crime be submitted to the police without first verifying the validity of the urinalysis results.

- Upon processing and discovering the second urine sample was free of sperm, LabCorp Laboratory Corporation of America should have notified SWLA Center for Health Services and the Semien family to refrain from contacting law enforcement until it could determine cause for the discrepancy in the urinalyses.

31.

LabCorp's and LabCorp Holding's failure to implement safeguards for the labeling and chain of custody of lab samples and mixing up of those samples, as well as LabCorp's failure to eliminate simpler explanations before jumping to grave conclusions, led to an intrusive police investigation.

32.

Because LabCorp insisted that the false test results to the police before LabCorp did any verification of the results, the Allen Parish Sherriff's Department began to look for suspects of

supposed crime of molestation against Miracle Semien, leading to Darrell and Malachi being

targeted by a police investigation.

33.

The Sheriff's department requested Malachi leave the home or go to Juvenile Detention

during the pendency of the investigation for Miracle Semien's protection, and Malachi was

forced to leave his family and stay with a friend.

34.

Additionally, on Defendant's representations, Miracle Semien was questioned repeatedly

by her parents, law enforcement, and Child Advocacy Services, and Miracle Semien began to

believe that she had been molested but could not remember the event, straining the relationships

of the members of the household.

35.

LabCorp's false claim that Miracle had been molested, the resulting police investigation,

the social stigma and embarrassment of her brother being accused of committing the molestation,

being led to believe she had been molested but suppressed the memory, fear that her brother

would be imprisoned, being escorted by sheriff's deputies to various appointments, and being

required to present to  Child Advocacy Services for questioning, and all of which resulted from

LabCorp's negligence, caused Miracle Simien genuine emotional distress and real mental injury

far beyond usual worry, as well as past and future medical expenses.

36.

Moreover, as a result of SWLA's negligence, Miracle has experienced past and future

pain and suffering, past and future mental anguish, and past and future loss of enjoyment of life.

37.

Darrell and Karla, parents of Miracle, and Malachi and Madison, siblings of Miracle,

were members of the household with Miracle at the time of these events.

38.

Darrell, Karla, Malachi, and Madison have all suffered a loss of consortium regarding

their relationship with Miracle, which has been negatively impacted as a result of LabCorp's

negligence.

39.

Petitioner's claim was timely filed with the Louisiana Compensation Fund on August 19, 2020 in accordance with the Louisiana Medical Malpractice Act.

WHEREFORE, Petitioners, Darrell and Karla, Ind. and obo their minor children, Miracle, Madison and Malachi, pray for service and citation on the Defendants according to the law and after due proceeding had and trial thereof, there be judgment herein in favor of Petitioners, Darrell and Karla, Ind. and obo their minor children, Miracle, Madison and Malachi, and against the Defendants, **LabCorp and LabCorp Holdings,** awarding unto Plaintiffs a sum to fully and completely compensate them for the damages they have sustained as a result of the negligence of the Defendants or for which the Defendants are liable, with legal interest thereon from the date of judicial demand, and for all costs of these proceedings in just and reasonable sums as prayed for herein, together with costs of Court, prejudgment interest, and for all such other relief, both general and special, in law and in equity, to which they may show themself justly entitled.

Respectfully submitted,
**THE TOWNSLEY LAW FIRM, LLP**

By: _____

**TODD A. TOWNSLEY (#21095)**
**JORDAN Z. TAYLOR (#35346)**
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577

**SERVICE INSTRUCTIONS**
**Please serve all defendants as**
**Set forth in paragraphs one and two**

7

| | |
|---|---|
| DARRELL SEMIEN, IND. AND KARLA SEMIEN, IND. AND ON BEHALF OF THEIR MINOR CHILDREN, MIRACLE SEMIEN, MADISON SEMIEN AND MALACHI SEMIEN | : 33RD JUDICIAL DISTRICT COURT |
| VS. NO. 2020- 276 , DIV " A " | : PARISH OF ALLEN |
| LABORATORY CORPORATION OF AMERICA AND LABORATORY CORPORATION OF AMERICAN HOLDINGS | : STATE OF LOUISIANA |
| FILED: _____ | : _____ |
| | DEPUTY CLERK OF COURT |

### REQUEST FOR WRITTEN NOTICE OF ANY AND ALL
### ORDERS, JUDGMENTS AND ASSIGNMENTS MADE OR RENDERED

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to provide us, counsel for Darrell and Karla, Ind. and obo their minor children, Madison Semien, Miracle Semien, and Malachi Semien, plaintiffs in the above numbered and entitled cause, written notice, by mail, ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on exceptions, rules or the merits thereof.

And, in accordance with the provisions of Articles 1913 and 1914 of the Code of Civil Procedure, you are additionally requested to send notice of any order or judgment rendered or made in this case immediately upon the entry or rendition of any such order or judgment.

Thank you for your cooperation.

CALCASIEU CLERK-COST
AUG 18 2020 PM04:17:42

Respectfully submitted,
**THE TOWNSLEY LAW FIRM, LLP**

By: _____
**TODD A. TOWNSLEY** (#21095)
**JORDAN Z. TAYLOR** (#35346)
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577

# Citation

DARRELL SEMIEN, ET AL

Versus

LABORATORY CORPORATION OF AMERICA, ET AL

DOCKET NUMBER: C-2020276

ALLEN Parish, Louisiana

THIRTY THIRD JUDICIAL
DISTRICT COURT

**LABORATORY CORPORATION OF AMERICA HOLDINGS**
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS,
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LOUISIANA 70802

You are hereby cited to comply with the demand contained in the Petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the THIRTY THIRD JUDICIAL DISTRICT COURT, in and for the Parish of ALLEN, which office is in the Town of OBERLIN, said Parish and State, within fifteen (15) days after the service hereof.  Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this WEDNESDAY, AUGUST 19, 2020.

STACEY C. HURST, CLERK OF COURT

By: _____
          Deputy Clerk

Attorney:   JORDAN Z. TAYLOR
                 ATTORNEY AT LAW
                 3102 ENTERPRISE BOULEVARD
                 LAKE CHARLS, LA 70601

PAYING

These documents mean you have been sued.  Legal assistance is advisable and you should contact a lawyer immediately.
DEPUTY CLERKS OF COURT ARE NOT PERMITTED TO GIVE LEGAL ADVICE.

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20_____.

SERVICE  $_____         BY:_____
MILEAGE $_____                      DEPUTY SHERIFF
TOTAL     $_____

ORIGINAL – RETURN                    COPY – SERVICE          COPY - CLERK

Document Number: D2340966

**LOUISIANA CIVIL CASE REPORTING**
Civil Case Cover Sheet – LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption:

Darrell Semien, et al            vs.     Laboratory Corporation of America Laboratory
                                         Corporation of America Holdings

Court: 33rd JDC                          Docket No.: C-2020-276
Parish of Filing: Allen                  Filing Date:  AUG 19 2020

Name of Lead Petitioner's Attorney: Jordan Z. Taylor, The Townsley Law Firm, LLP

Name of Self-Represented Litigant: _____

Number of named petitioners: ___5___        Number of named defendants: ___2___

Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

| | |
|---|---|
| _____ Auto: Personal Injury | _____ Auto: Property Damage |
| _____ Auto: Wrongful Death | _____ Auto: Uninsured Motorist |
| _____ Asbestos: Property Damage | _____ Asbestos: Personal Injury/Death |
| _____ Product Liability | _____ Premise Liability |
| _____ Intentional Bodily Injury | _____ Intentional Property Damage |
| _____ Intentional Wrongful Death | _____ Unfair Business Practice |
| _____ Business Tort | _____ Fraud |
| _____ Defamation | _____ Professional Negligence |
| _____ Environmental Tort | __X__ Medical Malpractice |
| _____ Intellectual Property | _____ Toxic Tort |
| _____ Legal Malpractice | _____ Other Tort (described below) |
| _____ Other Professional Malpractice | _____ Redhibition |
| _____ Maritime | _____ Class Action (nature of case) |
| _____ Wrongful Death | |
| _____ General Negligence | |

Please briefly describe the nature of the litigation in one sentence of additional detail:

_____

_____

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing this form:

Name: Jordan Z. Taylor
Address: 3102 Enterprise Blvd.            SIGNATURE
Lake Charles, LA 70601                    jtaylor@townsleylawfirm.com
Telephone: 337-478-1400                   EMAIL

| DARRELL SEMIEN, IND. AND KARLA SEMIEN, IND. AND ON BEHALF OF THEIR MINOR CHILDREN, MIRACLE SEMIEN, MADISON SEMIEN AND MALACHI SEMIEN | : | 33RD JUDICIAL DISTRICT COURT |
|---|---|---|
| VS. NO. 2020-꺼ㄱ6 , DIV " A " | : | PARISH OF ALLEN |
| LABORATORY CORPORATION OF AMERICA AND LABORATORY CORPORATION OF AMERICAN HOLDINGS | : | STATE OF LOUISIANA |
| FILED: _____ | : | _____ |
| | | DEPUTY CLERK OF COURT |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs, **DARRELL SEMIEN, IND.**, (hereinafter referred to as "Darrell"), **KARLA SEMIEN, IND.**, (hereinafter referred to as "Karla"), **and on behalf of their minor children, MIRACLE SEMIEN** (hereinafter referred to as "Miracle"), **MADISON SEMIEN** (hereinafter referred to as "Madison") **AND MALACHI SEMIEN** (hereinafter referred to as "Malachi"), (hereinafter referred to at time as "Semien Family"), persons of the age of majority of the State of Louisiana, Parish of Allen, who respectfully petitions this court for an award of damages, for the following reasons, to-wit:

1.

Made defendant herein is, **LABORATORY CORPORATION OF AMERICA**, (hereinafter referred to as "LabCorp"), a foreign corporation authorized to do and doing business in the state of Louisiana who may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802.

2.

Made defendant herein is, **LABORATORY CORPORATION OF AMERICA HOLDINGS**, (hereinafter referred to as "LabCorp Holdings"), a foreign corporation authorized to do and doing business in the state of Louisiana who may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802.

A TRUE & CORRECT COPY OF ORIGINAL FILED: AUG 1 9 2020
OBERLIN, LA. AUG 1 9 2020
[signature]
Deputy Clerk of Court
ALLEN PARISH, LA

3.

Defendants are justly and truly indebted to the petitioners for the following reasons.

1

4.

On August 21, 2019 Karla Semien brought her minor child, 10-year-old Miracle Semien to SWLA Center for Health Services, in Oberlin Louisiana.

5.

Miracle Semien was experiencing frequent and urgent urination and needed a doctor's excuse to allow her to go to the restroom more often at school; at SWLA, Miracle Semien was seen by Colleen Unkel, FNP.

6.

Colleen Unkel, FNP ordered a urinalysis and had a urine sample collected from Miracle Semien.

7.

During the August 21st appointment, Colleen Unkel, FNP informed Karla Semien that Miracle Semien's urine sample needed to be sent to a lab because there was a possible indication in the sample that there was blood coming from Miracle Semien's kidney.

8.

Colleen Unkel, FNP documented that she would follow up with the family the next day to discuss the lab results.

9.

The sample was sent to the Lafayette, Louisiana location of LabCorp and LabCorp Holdings on August 21, 2019 and the results were reported on August 22, 2019.

10.

Unbeknownst to the Semien Family, SWLA Center for Health Services and/or LabCorp and LabCorp Holdings mixed up Miracle Semien's urine sample with an that of an adult male; therefore, the urinalysis Defendants incorrectly attributed to Miracle Semien, contained a significant amount of sperm, as it had in actuality come from an adult male patient.

11.

A LabCorp or LabCorp Holdings employee called SWLA Center for Health Services and Colleen Unkel to report the sperm in Miracle's urine sample.

12.

The LabCorp or LabCorp Holdings employee told SWLA Center for Health Services and Colleen Unkel that prostitutes do not have as much sperm in their urine as Miracle's urine did.

13.

The LabCorp or LabCorp Holdings employee then insisted that the urine results and supposed sexual crime by turned over to the police, without any further investigation into the validity of the results.

14.

Darrell and Karla then met with Colleen Unkel, FNP the following day on August 22, 2019.

15.

Colleen Unkel, FNP conveyed that there was sperm in Miracle Semien's sample, which Colleen Unkel, FNP claimed indicated Miracle Semien had been sexual molested.

16.

Colleen Unkel, FNP stated that an individual from LabCorp and LabCorp Holdings called SWLA Center for Health Services and urged that the urinalysis results be turned in to law enforcement.

17.

LabCorp and LabCorp Holdings was aware that the urine sample contained a high level of sperm, meaning it was extremely unlikely for the urine sample to have come from a female.

18.

Despite this, and without any further investigation to prevent unnecessary and false accusations, LabCorp and LabCorp Holdings contacted and informed SWLA Center for Health Services that the results needed to be turned over to law enforcement.

19.

Colleen Unkel, FNP told Darrell and Karla that either they needed to report this to law enforcement within a day, or SWLA Center for Health Services would do so, on account of LabCorp's urging.

3

20.

When Darrell and Karla confronted Miracle Semien, pleading with her to disclose who may have touched her, Miracle Semien begged to give another urine sample; Karla took Miracle Semien back to SWLA Center for Health Services later the same day (August 22, 2019) of the meeting with Colleen Unkel, FNP, to do another urine analysis.

21.

This time, the sample was negative for sperm; Karla asked Colleen Unkel, FNP how this could be possible.

22.

When LabCorp processed and obtained the results of the second test which was free of sperm, they did not call SWLA Center for Health services to inform them the original test was most likely inaccurate, and did not instruct SWLA to refrain from calling law enforcement until further investigation into the inconsistent results was conducted.

23.

Convinced by LabCorp and SWLA Center for Health Services' insistence that Miracle Semien was molested, Darrell and Karla tried to determine who Miracle Semien was alone with over the preceding week.

24.

The only person she was alone with for more than a few moments was her older brother Malachi and because of LabCorp's statement that Miracle had been molested, Darrell and Karla began to suspect that Malachai molested his sister.

25.

On account of LabCorp insisting the police be immediately notified regarding a fictitious molestation event, the Allen Parish Sheriff's Department conducted an investigation.

26.

After initially targeting Darrell and Malachi, interrogating Malachi, and forcing Malachi to leave the family home, Law enforcement eventually had a DNA test performed on the urine sample at issue; it ruled out Malachi as a suspect.

4

27.

With the Semien Family still trying to find answers, the Simien Family then took Miracle Semien to a gynecologist to be examined for physical signs of penetration; this exam occurred on September 5, 2019.

28.

The examining gynecologist informed the Semien Family that Miracle Semien had no physical signs of sexual abuse.

29.

Ultimately, through their investigation, the Allen Parish Sherriff's Department determined that the urine sample came from a man, indicating Miracle Semien's sample had been mixed up with another patients'.

30.

Defendants, LabCorp and LabCorp Holdings were negligent in the following manner

- LabCorp and LabCorp Holdings failed to create and implement an appropriate labeling system to prevent inadvertent swapping of specimens.

- LabCorp Laboratory Corporation of America failed to create and implement an appropriate chain of custody to prevent inadvertent swapping of specimens.

- LabCorp Laboratory Corporation of America should not have demanded that the urine results and supposed crime be submitted to the police without first verifying the validity of the urinalysis results.

- Upon processing and discovering the second urine sample was free of sperm, LabCorp Laboratory Corporation of America should have notified SWLA Center for Health Services and the Semien family to refrain from contacting law enforcement until it could determine cause for the discrepancy in the urinalyses.

31.

LabCorp's and LabCorp Holding's failure to implement safeguards for the labeling and chain of custody of lab samples and mixing up of those samples, as well as LabCorp's failure to eliminate simpler explanations before jumping to grave conclusions, led to an intrusive police investigation.

32.

Because LabCorp insisted that the false test results to the police before LabCorp did any verification of the results, the Allen Parish Sherriff's Department began to look for suspects of

supposed crime of molestation against Miracle Semien, leading to Darrell and Malachi being targeted by a police investigation.

33.

The Sheriff's department requested Malachi leave the home or go to Juvenile Detention during the pendency of the investigation for Miracle Semien's protection, and Malachi was forced to leave his family and stay with a friend.

34.

Additionally, on Defendant's representations, Miracle Semien was questioned repeatedly by her parents, law enforcement, and Child Advocacy Services, and Miracle Semien began to believe that she had been molested but could not remember the event, straining the relationships of the members of the household.

35.

LabCorp's false claim that Miracle had been molested, the resulting police investigation, the social stigma and embarrassment of her brother being accused of committing the molestation, being led to believe she had been molested but suppressed the memory, fear that her brother would be imprisoned, being escorted by sheriff's deputies to various appointments, and being required to present to Child Advocacy Services for questioning, and all of which resulted from LabCorp's negligence, caused Miracle Simien genuine emotional distress and real mental injury far beyond usual worry, as well as past and future medical expenses.

36.

Moreover, as a result of SWLA's negligence, Miracle has experienced past and future pain and suffering, past and future mental anguish, and past and future loss of enjoyment of life.

37.

Darrell and Karla, parents of Miracle, and Malachi and Madison, siblings of Miracle, were members of the household with Miracle at the time of these events.

38.

Darrell, Karla, Malachi, and Madison have all suffered a loss of consortium regarding their relationship with Miracle, which has been negatively impacted as a result of LabCorp's negligence.

39.

Petitioner's claim was timely filed with the Louisiana Compensation Fund on August 19, 2020 in accordance with the Louisiana Medical Malpractice Act.

WHEREFORE, Petitioners, Darrell and Karla, Ind. and obo their minor children, Miracle, Madison and Malachi, pray for service and citation on the Defendants according to the law and after due proceeding had and trial thereof, there be judgment herein in favor of Petitioners, Darrell and Karla, Ind. and obo their minor children, Miracle, Madison and Malachi, and against the Defendants, **LabCorp and LabCorp Holdings,** awarding unto Plaintiffs a sum to fully and completely compensate them for the damages they have sustained as a result of the negligence of the Defendants or for which the Defendants are liable, with legal interest thereon from the date of judicial demand, and for all costs of these proceedings in just and reasonable sums as prayed for herein, together with costs of Court, prejudgment interest, and for all such other relief, both general and special, in law and in equity, to which they may show themself justly entitled.

Respectfully submitted,
**THE TOWNSLEY LAW FIRM, LLP**

By:

**TODD A. TOWNSLEY (#21095)**
**JORDAN Z. TAYLOR (#35346)**
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577

**SERVICE INSTRUCTIONS**
**Please serve all defendants as**
**Set forth in paragraphs one and two**

DARRELL SEMIEN, IND. AND KARLA : 33RD JUDICIAL DISTRICT COURT
SEMIEN, IND. AND ON BEHALF OF
THEIR MINOR CHILDREN, MIRACLE
SEMIEN, MADISON SEMIEN AND
MALACHI SEMIEN

VS. NO. 2020- 276 , DIV " A "  : PARISH OF ALLEN

LABORATORY CORPORATION OF : STATE OF LOUISIANA
AMERICA AND LABORATORY
CORPORATION OF AMERICAN
HOLDINGS

FILED: _____     : _____
                                       DEPUTY CLERK OF COURT

**REQUEST FOR WRITTEN NOTICE OF ANY AND ALL
ORDERS, JUDGMENTS AND ASSIGNMENTS MADE OR RENDERED**

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of

Civil Procedure, you are hereby requested to provide us, counsel for Darrell and Karla, Ind. and

obo their minor children, Madison Semien, Miracle Semien, and Malachi Semien, plaintiffs in

the above numbered and entitled cause, written notice, by mail, ten (10) days in advance of any

date fixed for any trial or hearing on this case, whether on exceptions, rules or the merits thereof.

And, in accordance with the provisions of Articles 1913 and 1914 of the Code of Civil

Procedure, you are additionally requested to send notice of any order or judgment rendered or

made in this case immediately upon the entry or rendition of any such order or judgment.

Thank you for your cooperation.

CALCASIEU CLERK-COST
AUG 18 2020 PM04:17:42

Respectfully submitted,
THE TOWNSLEY LAW FIRM, LLP

By: _____

TODD A. TOWNSLEY (#21095)
JORDAN Z. TAYLOR (#35346)
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577

DARRELL SEMIEN, IND. AND KARLA   :    33RD JUDICIAL DISTRICT COURT
SEMIEN, IND. AND ON BEHALF OF
THEIR MINOR CHILDREN, MADISON
SEMIEN AND MALACHI SEMIEN

VS. NO. 2020- 2⁹⁷ , DIV " A "    :    PARISH OF ALLEN

LABORATORY CORPORATION OF   :    STATE OF LOUISIANA
AMERICA AND LABORATORY
CORPORATION OF AMERICAN
HOLDINGS

FILED: _____    :    _____
                                                   DEPUTY CLERK OF COURT

<u>PETITION FOR DAMAGES</u>

NOW INTO COURT, through undersigned counsel, come plaintiffs, **DARRELL SEMIEN, IND.,** (hereinafter referred to as "Darrell"), **KARLA SEMIEN, IND.,** (hereinafter referred to as "Karla"), **and on behalf of their minor children MADISON SEMIEN** (hereinafter referred to as "Madison") **AND MALACHI SEMIEN** (hereinafter referred to as "Malachi"), (hereinafter referred to at time as "Semien Family"), persons of the age of majority of the State of Louisiana, Parish of Allen, who respectfully petitions this court for an award of damages, for the following reasons, to-wit:

1.

Made defendant herein is, **LABORATORY CORPORATION OF AMERICA,** (hereinafter referred to as "LabCorp"), a foreign corporation authorized to do and doing business in the state of Louisiana who may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802.

2.

Made defendant herein is, **LABORATORY CORPORATION OF AMERICA HOLDINGS,** (hereinafter referred to as "LabCorp Holdings"), a foreign corporation authorized to do and doing business in the state of Louisiana who may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802.

3.

Defendants are justly and truly indebted to the petitioners for the following reasons.

A TRUE & CORRECT COPY OF
ORIGINAL FILED: AUG 1 9 2020
OBERLIN, LA. AUG 1 9 2020
_____
Deputy Clerk of Court
ALLEN PARISH, LA

1

EXHIBIT
B
tabbies'

4.

On August 21, 2019 Karla Semien brought her minor child, 10-year-old daughter, Miracle Semien, to SWLA Center for Health Services, in Oberlin Louisiana.

5.

Miracle Semien was experiencing frequent and urgent urination and needed a doctor's excuse to allow her to go to the restroom more often at school; at SWLA, Miracle Semien was seen by Colleen Unkel, FNP.

6.

Colleen Unkel, FNP ordered a urinalysis and had a urine sample collected from Miracle Semien.

7.

During the August 21st appointment, Colleen Unkel, FNP informed Karla Semien that Miracle Semien's urine sample needed to be sent to a lab because there was a possible indication in the sample that there was blood coming from Miracle Semien's kidney.

8.

Colleen Unkel, FNP documented that she would follow up with the family the next day to discuss the lab results.

9.

The sample was sent to the Lafayette, Louisiana location of LabCorp and LabCorp Holdings on August 21, 2019 and the results were reported on August 22, 2019.

10.

Unbeknownst to the Semien Family, SWLA Center for Health Services and/or LabCorp and LabCorp Holdings mixed up Miracle Semien's urine sample with an that of an adult male; therefore, the urinalysis Defendants incorrectly attributed to Miracle Semien, contained a significant amount of sperm, as it had in actuality come from an adult male patient.

11.

A LabCorp or LabCorp Holdings employee called SWLA Center for Health Services and Colleen Unkel to report the sperm in Miracle's urine sample.

2

12.

The LabCorp or LabCorp Holdings employee told SWLA Center for Health Services and Colleen Unkel that prostitutes do not have as much sperm in their urine as Miracle's urine did.

13.

The LabCorp or LabCorp Holdings employee then insisted that the urine results and supposed sexual crime by turned over to the police, without any further investigation into the validity of the results.

14.

Darrell and Karla then met with Colleen Unkel, FNP the following day on August 22, 2019.

15.

Colleen Unkel, FNP conveyed that there was sperm in Miracle Semien's sample, which Colleen Unkel, FNP claimed indicated Miracle Semien had been sexual molested.

16.

Colleen Unkel, FNP stated that an individual from LabCorp and LabCorp Holdings called SWLA Center for Health Services and urged that the urinalysis results be turned in to law enforcement.

17.

LabCorp and LabCorp Holdings was aware that the urine sample contained a high level of sperm, meaning it was extremely unlikely for the urine sample to have come from a female.

18.

Despite this, and without any further investigation to prevent unnecessary and false accusations, LabCorp and LabCorp Holdings contacted and informed SWLA Center for Health Services that the results needed to be turned over to law enforcement.

19.

Colleen Unkel, FNP told Darrell and Karla that either they needed to report this to law enforcement within a day, or SWLA Center for Health Services would do so, on account of LabCorp's urging.

3

20.

When Darrell and Karla confronted Miracle Semien, pleading with her to disclose who may have touched her, Miracle Semien begged to give another urine sample; Karla took Miracle Semien back to SWLA Center for Health Services later the same day (August 22, 2019) of the meeting with Colleen Unkel, FNP, to do another urine analysis.

21.

This time, the sample was negative for sperm; Karla asked Colleen Unkel, FNP how this could be possible.

22.

When LabCorp processed and obtained the results of the second test which was free of sperm, they did not call SWLA Center for Health services to inform them the original test was most likely inaccurate, and did not instruct SWLA to refrain from calling law enforcement until further investigation into the inconsistent results was conducted.

23.

Convinced by LabCorp and SWLA Center for Health Services' insistence that Miracle Semien was molested, Darrell and Karla tried to determine who Miracle Semien was alone with over the preceding week.

24.

The only person she was alone with for more than a few moments was her older brother Malachi and because of LabCorp's statement that Miracle had been molested, Darrell and Karla began to suspect that Malachai molested his sister.

25.

On account of LabCorp insisting the police be immediately notified regarding a fictitious molestation event, the Allen Parish Sheriff's Department conducted an investigation.

26.

After initially targeting Darrell and Malachi, interrogating Malachi, and forcing Malachi to leave the family home, Law enforcement eventually had a DNA test performed on the urine sample at issue; it ruled out Malachi as a suspect.

4

27.

With the Semien Family still trying to find answers, the Simien Family then took Miracle

Semien to a gynecologist to be examined for physical signs of penetration; this exam occurred on

September 5, 2019.

28.

The examining gynecologist informed the Semien Family that Miracle Semien had no

physical signs of sexual abuse.

29.

Ultimately, through their investigation, the Allen Parish Sherriff's Department

determined that the urine sample came from a man, indicating Miracle Semien's sample had

been mixed up with another patients'.

30.

Defendants, LabCorp and LabCorp Holdings were negligent in the following manner

- LabCorp and LabCorp Holdings failed to create and implement an appropriate labeling
  system to prevent inadvertent swapping of specimens.

- LabCorp Laboratory Corporation of America failed to create and implement an
  appropriate chain of custody to prevent inadvertent swapping of specimens.

- LabCorp Laboratory Corporation of America should not have demanded that the urine
  results and supposed crime be submitted to the police without first verifying the validity
  of the urinalysis results.

- Upon processing and discovering the second urine sample was free of sperm, LabCorp
  Laboratory Corporation of America should have notified SWLA Center for Health
  Services and the Semien family to refrain from contacting law enforcement until it could
  determine cause for the discrepancy in the urinalyses.

31.

LabCorp's and LabCorp Holding's failure to implement safeguards for the labeling and

chain of custody of lab samples and mixing up of those samples, as well as LabCorp's failure to

eliminate simpler explanations before jumping to grave conclusions, led to an intrusive police

investigation.

32.

Because LabCorp insisted that the false test results to the police before LabCorp did any

verification of the results, the Allen Parish Sherriff's Department began to look for suspects of

supposed crime of molestation against Miracle Semien, leading to Darrell and Malachi being

targeted by a police investigation.

33.

Defendants representations led Darrell to suspect his son Malachi of the fictitious crime,

leading to irreparable harm to Malachi's trust of his father and their relationship.

34.

The Sheriff's department requested Malachi leave the home or go to Juvenile Detention

during the pendency of the investigation for Miracle Semien's protection, and Malachi was

forced to leave his family and stay with a friend.

35.

Malachi was interrogated by the Sherriff's department because of Defendants'

negligence.

36.

Additionally, on Defendant's representations, Miracle Semien was questioned repeatedly

by her parents, law enforcement, and Child Advocacy Services, and Miracle Semien began to

believe that she had been molested but could not remember the event, straining the relationships

of the members of the household.

37.

Defendants' negligence lead to significant emotional distress for the whole family (the

family members of the household at that time who have endured this experience from the mix up

of Miracle Semien's urinalysis results were Darrell, Karla, Madison, and Malachi Semien).

38.

LabCorp's false claim that Miracle had been molested, the resulting police investigation,

being targeted by the investigation, fear for of losing his freedom from being wrongfully targeted

by law enforcement, the trauma of accusing his own son of molesting his sister, the social stigma

and embarrassment of his son being accused of committing the molestation, being escorted by

sheriff's deputies to various appointments, and being required to bring his child to Child

Advocacy Services, and all of which resulted from LabCorp's negligence, caused Mr. Darrell

Simien genuine emotional distress and real mental injury far beyond usual worry, as well as past

and future medical expenses.

39.

LabCorp's false claim that Miracle had been molested, the resulting police investigation, the social stigma and embarrassment of her son being accused of committing the molestation, being escorted by sheriff's deputies to various appointments, and being required to bring her child to Child Advocacy Services, and all of which resulted from LabCorp's negligence, caused Mrs. Karla Simien genuine emotional distress and real mental injury far beyond usual worry, as well as past and future medical expenses.

40.

LabCorp's false claim that Miracle had been molested, the resulting police investigation and interrogation, fearing of losing his freedom for a fictious crime he did not commit, fear for his safety in the event he was taken to jail, fear of loss of future prospects in the event he was incarcerated, the social stigma and embarrassment of being accused of committing the molestation, being forced to leave his home, being confronted by his family about supposedly molesting his sister, and being mistrusted by his family, all of which resulted from LabCorp's negligence, caused Malachi Simien genuine emotional distress and real mental injury far beyond usual worry, as well as past and future medical expenses.

41.

LabCorp's false claim that Miracle had been molested, the resulting police investigation, the social stigma and embarrassment of her sister being accused of committing the molestation, fear that her brother was a sexual predator, fear that her brother would be incarcerated, and experiencing her brother being forced to leave the home, and all of which resulted from LabCorp's negligence, caused Madison Simien genuine emotional distress and real mental injury far beyond usual worry, as well as past and future medical expenses.

42.

This event has led to mistrust among the family members and destroyed the closeness and connection of the family unit.

WHEREFORE, Petitioners, Darrell and Karla, Ind. and obo their minor children, Madison and Malachi, pray for service and citation on the Defendants according to the law and after due

proceeding had and trial thereof, there be judgment herein in favor of Petitioners, Darrell and

Karla, Ind. and obo their minor children, Madison and Malachi, and against the Defendants,

**LabCorp and LabCorp Holdings,** awarding unto Plaintiffs a sum to fully and completely

compensate them for the damages they have sustained as a result of the negligence of the

Defendants or for which the Defendants are liable, with legal interest thereon from the date of

judicial demand, and for all costs of these proceedings in just and reasonable sums as prayed for

herein, together with costs of Court, prejudgment interest, and for all such other relief, both general

and special, in law and in equity, to which they may show themself justly entitled.

<div style="margin-left:40%">

Respectfully submitted,
**THE TOWNSLEY LAW FIRM, LLP**

By:

**TODD A. TOWNSLEY** (#21095)
**JORDAN Z. TAYLOR** (#35346)
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577

</div>

**SERVICE INSTRUCTIONS**
**Please serve all defendants as**
**Set forth in paragraphs one and two**