UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DARRELL SEMIEN ET AL**                    **CASE NO. 2:20-CV-01284 LEAD**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**LABORATORY CORP OF AMERICA ET AL**        **MAGISTRATE JUDGE LEBLANC**

<u>**MEMORANDUM ORDER**</u>

A bench trial of this matter was held September 3-4, 2024, after which the Court entered Judgment in favor of Plaintiffs and against Defendant, the United States of America.[1] On November 15, 2024, a Motion to Enter Bill of Costs was filed by Plaintiffs.[2] The Clerk assessed the costs and set a deadline for any dissatisfied party to file a Motion to Review Costs. Plaintiffs filed their Motion to Review Costs and specifically seeks only review of the following disallowed costs:

| | |
|---|---|
| (1) Deposition costs of Abby Walker | $490.00 |
| (2) Costs of Lake Area Legal | $1,794.37 |
| | $1,553.98 |
| | $3,630.48 |

Plaintiffs argue that the deposition of Abby Walker was necessary for trial preparation and for impeachment purposes during her trial testimony. A review of the transcript reveals that Plaintiff's counsel did use Ms. Walker's deposition testimony at the trial of this matter.[3] As such, the Court will allow the deposition costs of Abby Walker.

---

[1] Doc. 131.
[2] Doc. 133.
[3] Official Transcript, p. 145, of Day 1, Doc. 137.

Next, the Clerk disallowed costs paid to Lake Area Legal and Advanced Legal Video listed as "Expert/Trial Costs", which appeared to be costs to create trial exhibits. The Clerk found that these costs are not allowed under 28 U.S.C. § 1920. Plaintiffs argue that these costs are allowed under 28 U.S.C. § 1920(4), and these exhibits were created and used for Plaintiffs' presentation of their case at trial. Additionally, Plaintiffs remark that these exhibits were referred to throughout trial during the testimony of key witnesses, namely Plaintiffs' expert Monica Quaal, Plaintiffs' treating mental health professional, Davis Woodward, expert Dr. Scott Bergstedt, expert urologist Dr. James Jancuska, and Defendant, Coleen Unkel.

Plaintiff argues that because these exhibits were necessary for use in the trial, the costs for creating them should be allowed. 28 U.S.C. § 1920(4) provides for costs of "[f]ees for exemplifications and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Here, the Court in its discretion finds that the costs for creating the exhibits were necessarily obtained for use in the case and therefore will allow the costs paid to Lake Area Legal but will reduce those costs for lunch reimbursements. The total costs for 4/3/2023, Invoice # 2207, is $1,794.37 less $50.62 for lunch reimbursement,[4] for an allowed cost of $1,743.75; the total costs for 9/07/2023 Invoice #2288 is $1,553.98,[5] less $53.98 for lunch reimbursement for an allowed cost of $1500.00, and total cost for 5/6/2024, Invoice #2408, is $3,630.48, less $130.48 for lunch reimbursement, for an allowed cost of $3,500.00. Accordingly,

---

[4] Plaintiff's exhibit, Doc. 133-5, p. 50.
[5] *Id.* p. 51.

**IT IS ORDERED** that the Clerk's Taxation of Costs is amended to allow for the costs of Abby Walker's deposition in the total amount of $490.00, and the amounts paid to Lake Area Legal for $1,743.75, $1,500.00 $3,500.00; otherwise, the Clerk's Taxation of Costs is AFFIRMED.

**THUS DONE AND SIGNED** in Chambers on this 19th day of March, 2025.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**